# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-1605V**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | |
| YVONNE NUMBIA, * | Chief Special Master Corcoran |
| Petitioner, * | Filed: July 20, 2026 |
| v. * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Rachel Leah Brown,* Siri & Glimstad LLP, Kansas City, MO, for Petitioner.

*Elizabeth Andary,* U.S. Department of Justice, Washinton, DC, for Respondent.

## <u>DECISION DISMISSING PETITION</u>[1]

On September 26, 2025, Yvonne Numbia filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) at 1. Petitioner alleges that the MMR vaccine caused Petitioner to experience rheumatoid arthritis ("RA"), arthralgias, myalgias, headaches, and neuropathy. *See id.* Respondent filed his Rule 4(c) Report opposing compensation in late April 2026. Respondent's Report, dated Apr. 30, 2026 (ECF No. 16).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

I held a status conference with both parties on May 19, 2026, during which I noted my reasoned skepticism that a claim alleging RA as a vaccine-associated adverse event is likely to succeed, given the Program's consistent rejection of theories relating to this specific injury. Scheduling Order, dated May 19, 2026 (ECF No. 17) ("Scheduling Order"). I nevertheless allowed Petitioner to obtain a causation expert. *See* Scheduling Order at 2.

However, after reviewing the evidence in this case and discussing the matter with medical experts, Petitioner opted to file a Motion to Dismiss Pursuant to Rule 21(b). Motion, dated July 17, 2026 (ECF No. 20). In her Motion, Petitioner recognizes that this dismissal will be with prejudice, and states that she does "intend to protect her rights to file a civil action in the future." *Id.* at 1.

Under Vaccine Rule 21(b)(1), a petitioner may request a decision dismissing a petition, even after preparation of Respondent's Rule 4(c) Report. Under such circumstances, the decision will result in a judgment, although the dismissal will be with prejudice (unless otherwise indicated). Rule 21(b)(1) and (2). Here, I find such a decision appropriate. To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* § 13(a)(1)(A) and 11(c)(1). Petitioner cannot meet the relevant evidentiary standards, and has not offered an expert report to support her claim (a step I deemed critical to substantiating entitlement in this case)—nor was it likely Petitioner would be able to demonstrate any new medical or scientific developments substantiating that RA can be caused by any covered vaccine.

Accordingly, I hereby **DISMISS** the Petition with prejudice. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERD**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.